ALTENBERND, Judge.
 

 Floyd LaFountain appeals the order denying his motion to correct an illegal sentence. Mr. LaFountain was sentenced to life without possibility of parole for a felony murder that occurred in 1994. He claims that this sentence is now illegal in light of the U.S. Supreme Court’s ruling in
 
 Graham v. Florida,
 
 — U.S. -, 180 S.Ct. 2011, 176 L.Ed.2d 825 (2010). We affirm the trial court’s order denying this motion.
 

 Mr. LaFountain was convicted in 1995 of felony first-degree murder, armed burglary, and attempted robbery with a firearm. He received sixty-eight-month sentences of imprisonment for the burglary and robbery, which he has fully served. He challenges only his life-without-parole sentence for the felony murder.
 

 The facts underlying these sentences are not well established in this record. Mr. LaFountain claims that he was sixteen at the time of these offenses and that his codefendant, Kyle Dylan Moran, was the person who actually killed the victim.
 
 [1]
 
 For purposes of this opinion, we assume the truth of these representations.
 

 Although the Supreme Court held in
 
 Graham
 
 that life without possibility of parole was unconstitutional for juveniles convicted of nonhomicide offenses, its holding did not address whether a felony murder charge is a nonhomicide offense. In
 
 Arrington v. State,
 
 — So.3d -, 2012 WL 180276 (Fla. 2d DCA 2012), an opinion that this - court is releasing simultaneously with this opinion, we classify felony murder as a homicide offense, but require a trial court to conduct a case-specific analysis of all of the factual circumstances to determine whether a sentence of life without possibility of parole is disproportionate where a juvenile is convicted of felony murder but did not actually commit the homicide.
 

 
 *883
 
 Even if we have the authority to make the decision in
 
 Arrington
 
 retroactive in this context — a power that we doubt we have — we decline to do so.
 
 See, e.g., Selectman v. Zavaras,
 
 Civil Action No. 09-CV-02006-WJM, 2011 WL 1597678 (D.Colo. Apr. 28, 2011) (declining to give
 
 Graham
 
 retroactive application on collateral review). We also note that the holding in
 
 Arrington
 
 involves a mixed issue of fact and law and does not create an avenue for relief at any time under Florida Rule of Criminal Procedure 3.800(a).
 

 Affirmed.
 

 DAVIS and KELLY, JJ., Concur.
 

 [1]
 

 . The public records of the Department of Corrections confirm that Kyle Dylan Moran is serving two life sentences for murder and burglary for crimes committed on the same dates as Mr. LaFountain's offenses.